The Hon. Richard A. Jones

1

2

3

4

5

6

7        UNITED STATES DISTRICT COURT FOR THE
           WESTERN DISTRICT OF WASHINGTON
8                      AT SEATTLE

9

10    UNITED STATES OF AMERICA,            No. 2:24-cr-00011-RAJ

11                   Plaintiff,

12            v.                           **ORDER OF FORFEITURE**

13    CHRISTIANA AUSTIN,

14                   Defendant.

15

16         THIS MATTER comes before the Court on the United States' Motion for Order of

17    Forfeiture (the "Motion") seeking to forfeit, to the United States, Defendant Christiana

18    Austin's interest in a sum of money (also known as a forfeiture money judgment) in the

19    amount of $126,400.00, reflecting proceeds Defendant obtained from her commission of

20    *Wire Fraud*, in violation of 18 U.S.C. § 1343, as charged in Count 1 of the Indictment.

21    The Court, having reviewed the United States' Motion, as well as the other papers and

22    pleadings filed in this matter, hereby FINDS an Order of Forfeiture is appropriate

23    because:

24         •    The proceeds of *Wire Fraud*, in violation of 18 U.S.C. § 1343, are

25              forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C.

26              § 2461(c);

27

ORDER OF FORFEITURE - 1
*United States v. Christiana Austin,* 2:24-cr-00011-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   • In her Plea Agreement, Defendant agreed to forfeit this $126,400 sum of

2   money pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C.

3   §2461(c), as it reflects proceeds Defendant obtained from her commission

4   of *Wire Fraud*, in violation of 18 U.S.C. § 1343, as charged in Count 1 of

5   the Indictment, to which she pleaded guilty (Dkt. No. 67, ¶ 13); and

6   • The forfeiture of this $126,400.00 sum of money is personal to Defendant;

7   pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.")

8   32.2(c)(1), no third-party ancillary process is required before forfeiting it.

9

10   NOW, THEREFORE, THE COURT ORDERS:

11   1.   Pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. §2461(c), and

12   her Plea Agreement, Defendant's interest in the above-identified $126,400.00 sum of

13   money is fully and finally forfeited, in its entirety, to the United States;

14   2.   Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)–(B), this Order will become

15   final as to Defendant at the time she is sentenced; it will be made part of the sentence;

16   and it will be included in the judgment;

17   3.   No right, title, or interest in the identified sum of money exists in any party

18   other than the United States;

19   4.   Pursuant to Fed. R. Crim. P. 32.2(e), in order to satisfy this $126,400.00

20   sum of money, in whole or in part, the United States may move to amend this Order, at

21   any time, to include substitute property having a value not to exceed $126,400.00; and

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

ORDER OF FORFEITURE - 2
*United States v. Christiana Austin,* 2:24-cr-00011-RAJ

1    5.    The Court will retain jurisdiction in this case for the purpose of enforcing

2  this Order, as necessary.

3

4    IT IS SO ORDERED.

5

6    DATED this 25th day of November, 2024.

7

8    _____

9    The Honorable Richard A. Jones
     United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER OF FORFEITURE - 3
*United States v. Christiana Austin,* 2:24-cr-00011-RAJ